## WESTERN & SOUTHERN LIFE INS CO v FORREY

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10458. Decided March 10, 1930

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, and H. A. Beckett, Cleveland, for Insurance Co.

Quigley & Byrnes, Cleveland, for Forrey.

## SULLIVAN, J.

It becomes our first duty to examine the record to ascertain whether, with respect to the alleged false representations recovery can be defeated because of **9391 GC**, which is as follows:

> "No answer to any interrogatory made by an applicant in his or her application for a policy, shall bar the right to recover upon any policy issued thereon, or be used in evidence upon any trial to recover upon such policy, unless it be clearly, proved that such answer is wilfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and also that the agent or company had no knowledge of the falsity or fraud of such answer."

With respect to the applicability of this statute we think there is no question. Under this section the answers must be wilfully false and fraudulently made, and we do not find that character of evidence in the record that makes any such showing. Such evidence must be clear and convincing because of the legal significance of the word "wilfully" and the character of the charge which is fraud. That the answers and questions are immaterial under the application of the statute, there can be no question. It is not sufficient to say that had the company been aware of the falsity of the statements that they would not have issued the policy, and that therefore there would be no subsequent liability under the terms of a policy that never had been issued. Such an interpretation would practically destroy the force and effect of the statute which we think was passed by the Legislature to reach suits like the one under discussion. In any event the questions under discussion were questions to be submitted to the jury and we do not think that the evidence was imbued with that strength and character which is capable of supporting charges based on fraud and misrepresentation.

We think the case of **Penn Mutual Life Insurance Co. vs. McGraw, 21 Oh Ap 308** is applicable to the question under immediate discussion.

It is claimed as a further error as ground for reversal of the judgment below, that there was no insurable interest in the plaintiff and reference is had to **9393 GC**, which provides as follows:

> "WHO MAY BE BENEFICIARY.—Any person may affect an insurance on his life, for any definite period of time, or for the term of his natural life, to inure to the sole benefit of his wife and children, or of either or other relative or relatives **dependent upon such person**

or any creditor or creditors as he may cause to be appointed and provided in the policy." (underscoring ours).

This question we think is settled by the ruling in **Ryan vs. Rothweiler, 50 Oh St 595,** wherein it is held as follows:

"While a man may cause his own life to be insured for the benefit of a stranger, and the want of insurable interest in the stranger will not invalidate the policy, a policy taken out by a man for his own benefit on the life of a stranger, would be void for want of insurable interest."

"(May on Insurance Section 75b)".

Thus, while the plaintiff does not come within the category mentioned in **9393 GC,** we think it is a live doctrine that one's own life may be insured for another, even though the other may be a stranger. In the instant case the plaintiff below is a distant relation, and in a sense is a stranger but we think that he comes under the protection of Ryan supra.

Another assignment of error is that the court rejected certain evidence as to certain police court records tending to show the falsity of the statements made by the applicant in reference to the question as to excessive drinking or intemperance in the use of alcoholic beverages. The character of the evidence was such that we think it was incompetent. Instead of the judgment of record, it consisted of certain evidence in the nature of a memorandum appearing on what is known as the "blotter". However, had the record of the judgment itself been introduced, its competency is very doubtful because it is not the best evidence of which the nature of the case is susceptible and is, in a sense, in the nature of hearsay evidence because it is the determination, even though judicially, of another person's judgment as to the fact.

Therefore we think that in this respect there was no prejudicial error.

We have examined the charge of the court complained of and have come to the conclusion, in the face of the entire charge, which should be read as a whole, that there is no prejudicial error in this respect.

Looking at the entire record our judgment is that substantial justice was done and hence the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.